UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CONTINENTAL ADVISORS S.A., ET AL.,**<br><br>Plaintiffs,<br><br>v.<br><br>**GSV ASSET MANAGEMENT, LLC, ET AL.,**<br><br>Defendants. | Case No.  14-cv-05609-YGR<br><br>**ORDER (1) GRANTING MOTIONS TO SEAL; (2) GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND; AND (3) CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 24 |

## I.   MOTION TO DISMISS

Plaintiffs Continental Advisors S.A. ("Continental Advisors") and Precedo Capital Group LLC ("Precedo") filed their complaint on December 23, 2014.  (Dkt. No. 1.)  While the complaint is not a model of clarity, it apparently alleges the defendants—GSV Asset Management ("GSV") and two of its principals—fraudulently induced the plaintiffs to conduct "road shows" and otherwise seek out potential investors in Twitter, Inc. ("Twitter") shares prior to the company's initial public offering ("IPO").  According to the complaint, the defendants apparently never intended to consummate the transaction, but merely sought to "gauge investor interest, which would later serve as data for Twitter to seek a certain IPO price."  The complaint purports to assert six "causes of action": (1) breach of contract / breach of the implied covenant of good faith and fair dealing; (2) fraud; (3) aiding and abetting fraud; (4) tortious interference with business relations; (5) unjust enrichment; and (6) negligent misrepresentation.

The defendants move to dismiss under Federal Rules of Civil Procedure 9(b) and 12(b)(6).  (Dkt. No. 24.)[1]  The plaintiffs oppose the motion.  (Dkt. No. 29.)

---

[1] The defendants also filed an unopposed request for judicial notice, pursuant to Federal Rule of Evidence 201, of (1) certain filings in an earlier action the plaintiffs brought against Twitter in the Southern District of New York, which was subsequently dismissed with prejudice; and (2) the Mandate Agreement, dated August 20, 2012, between GSV and Continental Advisors,

Having carefully considered the papers submitted,[2] the complaint, and the arguments of counsel, and good cause shown, the Court hereby **GRANTS** the motion to dismiss **WITH LEAVE TO AMEND** for the reasons stated on the record at the April 28, 2015 hearing.

Within **thirty (30) days** of the date of this Order, the plaintiffs shall file a First Amended Complaint ("FAC") addressing the deficiencies discussed at the hearing, including pleading allegations of fraud with particularity as required by Federal Rule of Civil Procedure 9(b). The FAC must also (1) clearly identify as to each claim which plaintiff(s) assert(s) the claim against which defendant(s) and (2) otherwise satisfy the requirements of Rule 8 by providing "a short and plain statement of [each] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

## II.   CASE MANAGEMENT CONFERENCE

Pursuant to the request of the parties at the April 28, 2015 hearing, the Court hereby **CONTINUES** the Case Management Conference currently set for June 22, 2015 to **September 14, 2015** at **2 p.m.** Related deadlines shall be continued accordingly.

This Order terminates Docket Numbers 22, 24, and 28.

**IT IS SO ORDERED.**

Dated: April 28, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

which is referenced in the complaint and serves as the basis for the plaintiffs' breach of contract claim. The Court **GRANTS** the request. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) ("[A] court may take judicial notice of 'matters of public record.'"); *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) ("We have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint.").

[2] Defendant GSV filed a motion to seal (1) Exhibits A and B to the Mark Flynn Declaration in Support of Defendants' Motion to Dismiss; and (2) portions of the defendants' opening brief reflecting the contents of those exhibits. (Dkt. No. 22.) Exhibit A is a Mandate Letter between GSV and Continental Advisors and Exhibit B is the aforementioned Mandate Agreement between those parties. The plaintiffs, taking no position regarding the propriety of GSV's request, filed a motion to seal portions of their reply brief including that same material. (Dkt. No. 28.) The Court **GRANTS** the motions to seal only for the purposes of resolving this particular motion to dismiss.