UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

**CONTINENTAL ADVISORS S.A., ET AL.,**

    Plaintiffs,

  v.

**GSV ASSET MANAGEMENT, LLC, ET AL.,**

    Defendants.

Case No. 14-cv-05609-YGR

**ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF DIVERSITY JURISDICTION**

TO PLAINTIFFS CONTINENTAL ADVISORS S.A. AND PRECEDO CAPITAL GROUP LLC AND THEIR COUNSEL OF RECORD:

YOU ARE HEREBY ORDERED TO SHOW CAUSE in writing by no later than **October 15, 2015**, as to why this action should not be dismissed for lack of jurisdiction.

"It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 182 (1936). For proper diversity jurisdiction under 28 U.S.C. § 1332(a), there must be "complete diversity," i.e., "the citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Here, plaintiff generally alleges "the parties [are] completely diverse," and claims diversity jurisdiction is proper under 28 U.S.C. § 1332(a), but the operative complaint lacks the requisite allegations as to the citizenship of each member of plaintiff Precedo Capital Group LLC and defendant GSV Asset Management, LLC. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding diversity jurisdiction depends on the citizenship of *all members* of partnerships or limited liability corporations) (emphasis added).

**IT IS SO ORDERED.**

Dated: October 9, 2015

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**