# EXHIBIT A

## (FROM NON-PARTY TWITTER, INC.)

1    DURIE TANGRI LLP
     SONALI D. MAITRA (SBN 254896)
2    smaitra@durietangri.com
     217 Leidesdorff Street
3    San Francisco, CA  94111
     Telephone:     415-362-6666
4    Facsimile:     415-236-6300

5    Attorney for Nonparty
     TWITTER, INC.
6

7                      IN THE UNITED STATES DISTRICT COURT

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                                OAKLAND DIVISION

10   CONTINENTAL ADVISORS S.A. and            Case No. 4:14-cv-05609-YGR
     PRECEDO CAPITAL GROUP LLC,
11                                            **NONPARTY TWITTER, INC.'S
                                              OBJECTIONS AND RESPONSES TO
                    Plaintiffs,               PLAINTIFFS' SUBPOENA TO PRODUCE
12                                            DOCUMENTS, INFORMATION, OR
                                              OBJECTS OR TO PERMIT INSPECTION OF
13          v.                                PREMISES IN A CIVIL ACTION**

14   GSV ASSET MANAGEMENT, LLC,
     MATTHEW HANSON, and MICHAEL MOE,
15
                    Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

Nonparty Twitter, Inc. ("Twitter") hereby responds and objects to Plaintiffs Continental Advisors S.A. ("Continental Advisors") and Precedo Capital Group LLC's ("Precedo") (collectively "Plaintiffs") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") dated May 2, 2016, as follows.

## PRELIMINARY STATEMENT

Twitter objects to the Subpoena in its entirety and to each and every Request therein.  "The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts."  *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016).  And so, it is appropriate for discovery restrictions to be even broader where the target is a nonparty.  *See Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980).  Under these general mandates, courts have imposed a number of rules concerning nonparty discovery, all of which have been violated by the Subpoena.

*First*, the party issuing the subpoena cannot make "substantially overbroad requests" and must "take reasonable steps to compromise or reduce the breadth of their requests to prevent undue burden on the nonparties."  *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013); *see also Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of the case").  The Subpoena does nothing of the sort—it contains a total of ***thirty-three*** Requests, some as broad as, for example, Request 38, which asks for *any* engagement with *anyone* concerning an offering of *any* Twitter stock at *any point* in 2012.  Or, for example, Request 36, which requests *all internal* Twitter communications concerning a *nonparty* to the litigation.  And these are just two examples of many.

*Second*, if the party issuing the subpoena can obtain the requested information from an actual party in suit, the subpoena is improper.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their motions because they did not take advantage of the discovery they obtained from

1    other sources in tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing

2    party for imposing an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005)

3    ("Moreover, these requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily

4    and inexpensively obtain the documents from defendant, rather than from nonparty KSA."); *Haworth,*

5    *Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel

6    because "the district court could properly require [the plaintiff] to seek discovery from its party opponent

7    before burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal.

8    2007) (quashing subpoena seeking information that could be obtained from the party opponent "in the

9    absence of a convincing showing that the subpoena is likely to yield unique and material evidence from

10   the third party" explaining "*[t]here is simply no reason to burden nonparties when the documents*

11   *sought are in possession of the party defendant*").  The **vast majority** of the documents requested are

12   likely to be produced by the defendant in this case (if they exist at all)—thus on its face, the Subpoena is

13   unduly burdensome.

14          *Third*, "the party issuing the subpoena must demonstrate that the information sought is ***relevant***

15   and ***material*** to the allegations and claims at issue in the proceeding."  *Nalco Co. v. Turner Designs, Inc.*,

16   No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D. Cal. Mar. 31, 2014).  For many requests, there is

17   no ostensible relationship between the Request and to the underlying litigation—and at minimum no

18   showing that the information sought is material.

19          *Fourth*, the subpoena cannot seek privileged information.  "Rule 45 of the Federal Rules of Civil

20   Procedure provides in relevant part that 'the court for the district where compliance is required must

21   quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter . . .

22   .'"  *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13,

23   2016).  Many of the requests concerning internal Twitter communications would reasonably include

24   privileged communications—and the Subpoena makes no attempt to exclude this information.

25          *Fifth*, the subpoena may be improper if it seeks "trade secret or other confidential research,

26   development, or ***commercial information***."  Fed. R. Civ. P. 45(c)(3)(B) (emphasis added); *Moon v. SCP*

27   *Pool Corp.*, 232 F.R.D. at 638 ("Moreover, a specific ground to quash a subpoena is that it seeks

28   'commercial information,' . . . which these requests clearly seek since they seek documents related to

                                                         2

nonparty KSA's business relationship with other nonparties, such as Cantar, rather than nonparty KSA's relationship with defendant."). Nearly every single one of the Requests concern Twitter's stock transactions and related commercial information—and many involve communications with other nonparties. *See e.g.*, Request No. 36 ("Email and other communications between or among any Twitter employees, directors, officers, or any other agents concerning or relating to 1Oak or 1Oak's involvement with an offering of Twitter stock in 2012."); Request No. 38 ("Documents reflecting, concerning, or relating to any Person that Twitter engaged, authorized, or instructed to conduct an offering of Twitter stock at any point in 2012. (This request is for any such offering and is **not** limited to the Twitter Offering.)"). For this additional separate and independent reason, the Subpoena is improper.

On this basis, and on the further basis of the objections below, Twitter will not produce any documents at this time. Twitter will be willing to consider Requests that are narrowly tailored, are nonduplicative, are relevant and material, do not seek privileged information, and do not seek confidential information—after the parties in the underlying case substantially complete party discovery.

## GENERAL OBJECTIONS

Twitter makes the following General Objections to each of Plaintiffs' document requests:

1.      Twitter objects to the Subpoena for all the reasons explained above in the Preliminary Statement.

2.      Twitter objects to the Subpoena for seeking production of documents not in its possession, custody, or control, or otherwise purports to require Twitter to do any act not required by the Federal Rules of Civil Procedure or other applicable law.

3.      Twitter objects to the Subpoena for seeking information or documents that are publicly available or could be obtained from others who possess the requested information, including parties to the above-captioned lawsuit.

4.      Twitter objects to the Subpoena for seeking information that is overly broad, unduly burdensome, internally duplicative, unreasonably cumulative of other discovery, vague, or ambiguous so as not to be subject to a reasonable interpretation or response and would require Twitter to speculate and decide to what extent it must search through documents and subjectively determine what may, or may not, be responsive.

5.      Twitter objects to the Subpoena for seeking information that is not both relevant and material to the case.

6.      Twitter objects to the Subpoena for seeking information and documents that are exempt from discovery by the attorney-client privilege, the work product doctrine, or any other applicable privilege, exemption, immunity, or doctrine.

7.      Twitter objects to the Subpoena for seeking disclosure of information that Twitter is under an obligation not to disclose.  To the extent Twitter discloses any such responsive, non-privileged information, it will only be in accordance with the protective order that has been entered in this action and after complying with its legal obligation to any other parties.

8.      Twitter objects to the Subpoena for seeking trade secret or other confidential research, development, or commercial information.

9.      Twitter objects to the defined terms "@GSV Fund," "1Oak," "GSV," "GSV Capital," "Hanson," "Mandate Agreements," "Moe," "Person," "Twitter," "Twitter Offering," and "Wilson Sonsini," as overbroad, harassing, and vague and ambiguous—and calling for information that is not in Twitter's possession, custody, or control.  Twitter further objects to the term "Twitter Offering" as assuming and calling for facts outside Twitter's knowledge, custody, or control.

## SPECIFIC OBJECTIONS

### REQUEST FOR PRODUCTION NO. 1:

Any escrow agreement, pledge agreement, power of attorney, or any other Document by which any Twitter shareholder pledged or otherwise authorized the inclusion of his, her, or its Twitter shares for the Twitter Offering.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Twitter objects that this Request, standing alone and together with the numerous other requests, is overbroad and not reasonably tailored to the needs of this case—especially but not only because the real parties in interest have not yet produced documents. *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

4

NONPARTY TWITTER, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUBPOENA TO
PRODUCE DOCUMENTS / CASE NO. 4:14-CV-05609-YGR

1   *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

2   broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

3   the case").

4          Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

5   party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

6   2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

7   nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

8   undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

9   motions because they did not take advantage of the discovery they obtained from other sources in

10  tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

11  an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

12  requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

13  obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

14  *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

15  district court could properly require [the plaintiff] to seek discovery from its party opponent before

16  burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

17  (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

18  of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

19  party" explaining "***[t]here is simply no reason to burden nonparties when the documents sought are in***

20  ***possession of the party defendant***").

21         Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

22  efforts—that "the information sought is ***relevant*** and ***material*** to the allegations and claims at issue in the

23  proceeding."  *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

24  Cal. Mar. 31, 2014).

25         Twitter objects to this Request because it seeks "trade secret or other confidential research,

26  development, or commercial information."  Fed. R. Civ. P. 45(c)(3)(B) (emphasis added); *see also Moon*

27  *v. SCP Pool Corp.*, 232 F.R.D. at 638.

28

1    Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

2    or control.

3    Twitter objects to the term "Twitter Offering" as assuming and calling for facts outside Twitter's

4    knowledge, custody, or control.  Twitter further objects to the terms "escrow agreement, pledge

5    agreement, power of attorney, or any other Document" as vague and ambiguous, particularly when taken

6    together and presumed to have different meanings.  Twitter objects to the term "pledged or otherwise

7    authorized" as vague and ambiguous.

8    For these reasons, Twitter will not produce documents responsive to this Request at this time,

9    without conceding that any such documents exist in the first place.

10   **REQUEST FOR PRODUCTION NO. 2:**

11   Any list, table, chart, report, or other Document containing the names of the shareholders whose

12   Twitter shares were included in the Twitter Offering.

13   **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

14   Twitter objects that this Request, standing alone and together with the numerous other requests, is

15   overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

16   parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

17   *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

18   "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

19   reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

20   *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

21   broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

22   the case").

23   Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

24   party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

25   2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

26   nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

27   undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

28   motions because they did not take advantage of the discovery they obtained from other sources in

6

tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the district court could properly require [the plaintiff] to seek discovery from its party opponent before burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (quashing subpoena seeking information that could be obtained from the party opponent "in the absence of a convincing showing that the subpoena is likely to yield unique and material evidence from the third party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendant*").

Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer efforts—that "the information sought is *relevant* and *material* to the allegations and claims at issue in the proceeding." *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D. Cal. Mar. 31, 2014).

Twitter objects to this Request as, on its face, potentially seeking privileged information. "Rule 45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter . . . .'" *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016).

Twitter objects to this Request because it seeks "trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3)(B) (emphasis added); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. at 638.

Twitter objects to this Request as seeking information that is not in Twitter's possession, custody, or control.

Twitter objects to the term "Twitter Offering" as assuming and calling for facts outside Twitter's knowledge, custody, or control.  Twitter objects to the term "list, table, chart, report, or other Document" as vague and ambiguous, particularly when taken together and presumed to have different meanings.

7

1    For these reasons, Twitter will not produce documents responsive to this Request at this time,

2 without conceding that any such documents exist in the first place.

3 **REQUEST FOR PRODUCTION NO. 3:**

4    WITHDRAWN

5 **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

6    No response required.

7 **REQUEST FOR PRODUCTION NO. 4:**

8    Any communications with any Twitter shareholder about having their shares included in the

9 Twitter Offering.

10 **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

11    Twitter objects that this Request, standing alone and together with the numerous other requests, is

12 overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

13 parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

14 *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

15 "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

16 reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

17 *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

18 broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

19 the case").

20    Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

21 party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

22 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

23 nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

24 undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

25 motions because they did not take advantage of the discovery they obtained from other sources in

26 tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

27 an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

28 requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

1   obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

2   *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

3   district court could properly require [the plaintiff] to seek discovery from its party opponent before

4   burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

5   (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

6   of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

7   party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in*

8   *possession of the party defendant*").

9           Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

10   efforts—that "the information sought is *relevant* and *material* to the allegations and claims at issue in the

11   proceeding."  *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

12   Cal. Mar. 31, 2014).

13           Twitter objects to this Request because it seeks "trade secret or other confidential research,

14   development, or commercial information."  Fed. R. Civ. P. 45(c)(3)(B) (emphasis added); *see also Moon*

15   *v. SCP Pool Corp.*, 232 F.R.D. at 638.

16           Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

17   or control.

18           Twitter objects to the term "Twitter Offering" as assuming and calling for facts outside Twitter's

19   knowledge, custody, or control.

20           For these reasons, Twitter will not produce documents responsive to this Request at this time,

21   without conceding that any such documents exist in the first place.

22   **REQUEST FOR PRODUCTION NO. 5:**

23           WITHDRAWN

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

25           No response required.

26   **REQUEST FOR PRODUCTION NO. 6:**

27           WITHDRAWN

28

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

2          No response required.

3   **REQUEST FOR PRODUCTION NO. 7:**

4          Documents reflecting, concerning, or relating to any exclusive access Twitter gave to GSV to

5   broker, underwrite, or otherwise sell Twitter stock.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

7          Twitter objects that this Request, standing alone and together with the numerous other requests, is

8   overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

9   parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

10  *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

11  "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

12  reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

13  *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

14  broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

15  the case").

16         Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

17  party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

18  2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

19  nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

20  undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

21  motions because they did not take advantage of the discovery they obtained from other sources in

22  tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

23  an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

24  requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

25  obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

26  *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

27  district court could properly require [the plaintiff] to seek discovery from its party opponent before

28  burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

(quashing subpoena seeking information that could be obtained from the party opponent "in the absence of a convincing showing that the subpoena is likely to yield unique and material evidence from the third party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendant*").

Twitter objects to this Request as, on its face, potentially seeking privileged information. "Rule 45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter . . . .'" *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016).

Twitter objects to this Request as seeking information that is not in Twitter's possession, custody, or control.

Twitter objects to the terms "reflecting, concerning, or relating" as vague and ambiguous, particularly if each is intended to carry different meaning. Twitter further objects to the term "exclusive access" as vague and ambiguous. Twitter objects to the terms "broker, underwrite, or otherwise sell" as vague and ambiguous, again, particularly if each is intended to carry different meaning.

For these reasons, Twitter will not produce documents responsive to this Request at this time, without conceding that any such documents exist in the first place.

**REQUEST FOR PRODUCTION NO. 8:**

Documents reflecting, concerning, or relating to GSV being an approved seller, broker, or underwriter of Twitter shares.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Twitter objects that this Request, standing alone and together with the numerous other requests, is overbroad and not reasonably tailored to the needs of this case—especially but not only because the real parties in interest have not yet produced documents. *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

11

1  broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

2  the case").

3       Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

4  party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

5  2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

6  nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

7  undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

8  motions because they did not take advantage of the discovery they obtained from other sources in

9  tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

10  an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

11  requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

12  obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman

13  Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

14  district court could properly require [the plaintiff] to seek discovery from its party opponent before

15  burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

16  (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

17  of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

18  party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in

19  possession of the party defendant*").

20       Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule

21  45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

22  compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

23  or other protected matter . . . .'"  *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

24  3231300, at *5 (N.D. Cal. June 13, 2016).

25       Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

26  or control.

27

28

Twitter objects to the terms "reflecting, concerning, or relating" as vague and ambiguous, particularly if each is intended to carry different meaning.  Twitter objects to the terms "approved seller, broker, or underwriter," particularly if each is intended to carry different meaning.

For these reasons, Twitter will not produce documents responsive to this Request at this time, without conceding that any such documents exist in the first place.

**REQUEST FOR PRODUCTION NO. 9:**

Emails and other communications between or among any Twitter employees, directors, officers, or any other agents about any of the following: (a) the Twitter Offering; (b) GSV; (c) GSV Capital; (d) Hanson; or (e) Moe.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Twitter objects that this Request, standing alone and together with the numerous other requests, is overbroad and not reasonably tailored to the needs of this case—especially but not only because the real parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of the case").

Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer efforts—that "the information sought is *relevant* and *material* to the allegations and claims at issue in the proceeding."  *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D. Cal. Mar. 31, 2014).

Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule 45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter . . . .'"  *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016).

Twitter objects to this Request because it seeks "trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 45(c)(3)(B) (emphasis added); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. at 638.

Twitter objects to the term "Twitter Offering" as assuming and calling for facts outside Twitter's knowledge, custody, or control.

For these reasons, Twitter will not produce documents responsive to this Request at this time, without conceding that any such documents exist in the first place.

**REQUEST FOR PRODUCTION NO. 10:**

WITHDRAWN

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

No response required.

**REQUEST FOR PRODUCTION NO. 11:**

WITHDRAWN

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

No response required.

**REQUEST FOR PRODUCTION NO. 12:**

Emails and other communications between GSV (including Moe and Hanson) and Twitter about (a) engaging or potentially engaging either Precedo or Continental Advisors to find investors for or to otherwise assist in connection with the Twitter Offering, or (b) engaging or potentially engaging any other Person to find investors for or to otherwise assist in connection with the Twitter Offering.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Twitter objects that this Request, standing alone and together with the numerous other requests, is overbroad and not reasonably tailored to the needs of this case—especially but not only because the real parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of the case").

Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual party in suit. *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an undue burden on the responding parties. Antitrust plaintiffs failed to meet this burden prior to filing their motions because they did not take advantage of the discovery they obtained from other sources in tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the district court could properly require [the plaintiff] to seek discovery from its party opponent before burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (quashing subpoena seeking information that could be obtained from the party opponent "in the absence of a convincing showing that the subpoena is likely to yield unique and material evidence from the third party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendant*").

Twitter objects to the term "Twitter Offering" as assuming and calling for facts outside Twitter's knowledge, custody, or control.

For these reasons, Twitter will not produce documents responsive to this Request at this time, without conceding that any such documents exist in the first place.

**REQUEST FOR PRODUCTION NO. 13:**

Emails and other communications between or among any Twitter employees, directors, officers, or any other agents about (a) engaging or potentially engaging either Precedo or Continental Advisors to find investors for or to otherwise assist in connection with the Twitter Offering, or (b) engaging or

1  potentially engaging any other Person to find investors for or to otherwise assist in connection with the

2  Twitter Offering.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

4          Twitter objects that this Request, standing alone and together with the numerous other requests, is

5  overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

6  parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

7  *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

8  "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

9  reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

10  *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

11  broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

12  the case").

13          Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

14  efforts—that "the information sought is *relevant* and *material* to the allegations and claims at issue in the

15  proceeding."  *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

16  Cal. Mar. 31, 2014).

17          Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule

18  45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

19  compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

20  or other protected matter . . . .'"  *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

21  3231300, at *5 (N.D. Cal. June 13, 2016).

22          Twitter objects to this Request because it seeks "trade secret or other confidential research,

23  development, or commercial information."  Fed. R. Civ. P. 45(c)(3)(B) (emphasis added); *see also Moon*

24  *v. SCP Pool Corp.*, 232 F.R.D. at 638.

25          Twitter objects to the term "Twitter Offering" as assuming and calling for facts outside Twitter's

26  knowledge, custody, or control.

27          For these reasons, Twitter will not produce documents responsive to this Request at this time,

28  without conceding that any such documents exist in the first place.

1   **REQUEST FOR PRODUCTION NO. 14:**

2          Documents (including communications) reflecting, concerning, or relating to the engagement or

3   potential engagement of either Precedo or Continental Advisors to find investors for or to otherwise

4   assist in connection with the Twitter Offering.

5   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

6          Twitter objects that this Request, standing alone and together with the numerous other requests, is

7   overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

8   parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

9   *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

10  "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

11  reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

12  *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

13  broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

14  the case").

15         Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

16  party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

17  2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

18  nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

19  undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

20  motions because they did not take advantage of the discovery they obtained from other sources in

21  tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

22  an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

23  requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

24  obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

25  *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

26  district court could properly require [the plaintiff] to seek discovery from its party opponent before

27  burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

28  (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

                                        17

1  of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

2  party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in*

3  *possession of the party defendant*").

4          Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

5  efforts—that "the information sought is *relevant* and *material* to the allegations and claims at issue in the

6  proceeding." *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

7  Cal. Mar. 31, 2014).

8          Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule

9  45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

10  compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

11  or other protected matter . . . .'" *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

12  3231300, at *5 (N.D. Cal. June 13, 2016).

13          Twitter objects to this Request because it seeks "trade secret or other confidential research,

14  development, or commercial information."  Fed. R. Civ. P. 45(c)(3)(B) (emphasis added); *see also Moon*

15  *v. SCP Pool Corp.*, 232 F.R.D. at 638.

16          Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

17  or control.

18          Twitter objects to the term "Twitter Offering" as assuming and calling for facts outside Twitter's

19  knowledge, custody, or control.  Twitter objects to the terms "reflecting, concerning, or relating" as

20  vague and ambiguous, particularly if each is intended to carry different meaning.

21          For these reasons, Twitter will not produce documents responsive to this Request at this time,

22  without conceding that any such documents exist in the first place.

23  **REQUEST FOR PRODUCTION NO. 15:**

24          Documents reflecting, concerning, or relating to Twitter's authorization of, approval of,

25  instruction to, or direction to GSV to enter into a Mandate Agreement with Precedo or Continental

26  Advisors.

27

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

2           Twitter objects that this Request, standing alone and together with the numerous other requests, is

3    overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

4    parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

5    *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

6    "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

7    reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

8    *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

9    broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

10   the case").

11          Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

12   party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

13   2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

14   nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

15   undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

16   motions because they did not take advantage of the discovery they obtained from other sources in

17   tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

18   an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

19   requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

20   obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

21   *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

22   district court could properly require [the plaintiff] to seek discovery from its party opponent before

23   burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

24   (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

25   of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

26   party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in*

27   *possession of the party defendant*").

28

1    Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

2    efforts—that "the information sought is **_relevant_** and **_material_** to the allegations and claims at issue in the

3    proceeding." *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

4    Cal. Mar. 31, 2014).

5    Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule

6    45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

7    compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

8    or other protected matter . . . .'"  *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

9    3231300, at *5 (N.D. Cal. June 13, 2016).

10   Twitter objects to this Request because it seeks "trade secret or other confidential research,

11   development, or commercial information."  Fed. R. Civ. P. 45(c)(3)(B) (emphasis added); *see also Moon*

12   *v. SCP Pool Corp.*, 232 F.R.D. at 638.

13   Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

14   or control.

15   Twitter objects to the terms "reflecting, concerning, or relating" as vague and ambiguous,

16   particularly if each is intended to carry different meaning.

17   For these reasons, Twitter will not produce documents responsive to this Request at this time,

18   without conceding that any such documents exist in the first place.

19   **REQUEST FOR PRODUCTION NO. 16:**

20   Documents reflecting, concerning, or relating to any purchase or sale of a five million share block

21   (or similar amount) of Twitter stock for $19 per share in or about August 2012 or September 2012.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

23   Twitter objects that this Request, standing alone and together with the numerous other requests, is

24   overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

25   parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

26   *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

27   "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

28   reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

1    *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

2    broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

3    the case").

4          Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

5    party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

6    2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

7    nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

8    undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

9    motions because they did not take advantage of the discovery they obtained from other sources in

10   tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

11   an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

12   requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

13   obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

14   *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

15   district court could properly require [the plaintiff] to seek discovery from its party opponent before

16   burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

17   (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

18   of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

19   party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in*

20   *possession of the party defendant*").

21         Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

22   efforts—that "the information sought is *relevant* and *material* to the allegations and claims at issue in the

23   proceeding."  *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

24   Cal. Mar. 31, 2014).

25         Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule

26   45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

27   compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

28

or other protected matter . . . .'" *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016).

Twitter objects to this Request because it seeks "trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3)(B) (emphasis added); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. at 638.

Twitter objects to this Request as seeking information that is not in Twitter's possession, custody, or control.

Twitter objects to the terms "reflecting, concerning, or relating" as vague and ambiguous, particularly if each is intended to carry different meaning.

For these reasons, Twitter will not produce documents responsive to this Request at this time, without conceding that any such documents exist in the first place.

**REQUEST FOR PRODUCTION NO. 17:**

Documents supporting, corroborating, reflecting, concerning, or relating to the statement Hanson made in a September 17, 2012 email to Andreea Porcelli and Mark Porcelli that "Just got word from our sellers that a 5M share block of Twitter just sold to another approved buyer @ $19.00" (as alleged in paragraph 99 of the Complaint).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Twitter objects that this Request, standing alone and together with the numerous other requests, is overbroad and not reasonably tailored to the needs of this case—especially but not only because the real parties in interest have not yet produced documents. *See In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of the case").

Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual party in suit. *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their motions because they did not take advantage of the discovery they obtained from other sources in tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the district court could properly require [the plaintiff] to seek discovery from its party opponent before burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (quashing subpoena seeking information that could be obtained from the party opponent "in the absence of a convincing showing that the subpoena is likely to yield unique and material evidence from the third party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendant*").

Twitter objects to this Request because it seeks "trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 45(c)(3)(B) (emphasis added); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. at 638.

Twitter objects to this Request as seeking information that is not in Twitter's possession, custody, or control.

Twitter objects to the terms "supporting, corroborating, reflecting, concerning, or relating" as vague and ambiguous, particularly if each is intended to carry different meaning.

For these reasons, Twitter will not produce documents responsive to this Request at this time, without conceding that any such documents exist in the first place.

**REQUEST FOR PRODUCTION NO. 18:**

Emails and other communications between GSV (including Moe and Hanson) and Twitter about any purchase or sale of Twitter stock by any Person at any point during September 2012, including, but not limited to, (a) a purchase or sale of a five million share block (or similar amount) of Twitter stock for

1    $19 per share on or about September 17, 2012, and (b) any purchase or sale of Twitter stock

2    communicated to any investor or potential investor located in Saudi Arabia or in the United Arab

3    Emirates.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

5         Twitter objects that this Request, standing alone and together with the numerous other requests, is

6    overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

7    parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

8    *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

9    "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

10   reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

11   *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

12   broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

13   the case").

14        Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

15   party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

16   2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

17   nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

18   undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

19   motions because they did not take advantage of the discovery they obtained from other sources in

20   tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

21   an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

22   requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

23   obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

24   *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

25   district court could properly require [the plaintiff] to seek discovery from its party opponent before

26   burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

27   (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

28   of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

1  party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in*

2  *possession of the party defendant*").

3        Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

4  efforts—that "the information sought is *relevant* and *material* to the allegations and claims at issue in the

5  proceeding." *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

6  Cal. Mar. 31, 2014).

7        Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

8  or control.

9        For these reasons, Twitter will not produce documents responsive to this Request at this time,

10  without conceding that any such documents exist in the first place.

11  **REQUEST FOR PRODUCTION NO. 19:**

12        Emails and other communications between or among any Twitter employees, directors, officers,

13  or any other agents about any purchase or sale of Twitter stock by any Person at any point during

14  September 2012, including, but not limited to, (a) a purchase or sale of a five million share block (or

15  similar amount) of Twitter stock for $19 per share on or about September 17, 2012, and (b) any purchase

16  or sale of Twitter stock communicated to any investor or potential investor located in Saudi Arabia or in

17  the United Arab Emirates.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

19        Twitter objects that this Request, standing alone and together with the numerous other requests, is

20  overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

21  parties in interest have not yet produced documents. *See In re NCAA Student-Athlete Name & Likeness*

22  *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

23  "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

24  reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

25  *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

26  broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

27  the case").

28

1    Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

2    party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

3    2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

4    nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

5    undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

6    motions because they did not take advantage of the discovery they obtained from other sources in

7    tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

8    an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

9    requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

10   obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

11   *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

12   district court could properly require [the plaintiff] to seek discovery from its party opponent before

13   burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

14   (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

15   of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

16   party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in*

17   *possession of the party defendant*").

18   Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

19   efforts—that "the information sought is *relevant* and *material* to the allegations and claims at issue in the

20   proceeding."  *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

21   Cal. Mar. 31, 2014).

22   Twitter objects to this Request because it seeks "trade secret or other confidential research,

23   development, or commercial information."  Fed. R. Civ. P. 45(c)(3)(B) (emphasis added); *see also Moon*

24   *v. SCP Pool Corp.*, 232 F.R.D. at 638.

25   For these reasons, Twitter will not produce documents responsive to this Request at this time,

26   without conceding that any such documents exist in the first place.

27   **REQUEST FOR PRODUCTION NO. 20:**

28   WITHDRAWN

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

No response required.

**REQUEST FOR PRODUCTION NO. 21:**

WITHDRAWN

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

No response required.

**REQUEST FOR PRODUCTION NO. 22:**

Documents concerning or relating to any contract or agreement between Twitter and any of GSV, GSV Capital, Moe, or Hanson.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual party in suit. *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their motions because they did not take advantage of the discovery they obtained from other sources in tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the district court could properly require [the plaintiff] to seek discovery from its party opponent before burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (quashing subpoena seeking information that could be obtained from the party opponent "in the absence of a convincing showing that the subpoena is likely to yield unique and material evidence from the third party" explaining "***[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendant***").

1    Twitter objects to the terms "concerning or relating" as vague and ambiguous, particularly if each

2    is intended to carry different meaning.

3    For these reasons, Twitter will not produce documents responsive to this Request at this time,

4    without conceding that any such documents exist in the first place.

5    **REQUEST FOR PRODUCTION NO. 23:**

6    Documents concerning or relating to (a) Twitter's approval or consent to establish @GSV Fund,

7    or (b) documents reflecting, concerning, or relating to Twitter's approval or authorization of GSV to

8    arrange for the sale of Twitter stock through @GSV Fund.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

10   Twitter objects that this Request, standing alone and together with the numerous other requests, is

11   overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

12   parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

13   *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

14   "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

15   reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

16   *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

17   broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

18   the case").

19   Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

20   party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

21   2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

22   nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

23   undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

24   motions because they did not take advantage of the discovery they obtained from other sources in

25   tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

26   an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

27   requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

28   obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

28

1    *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

2    district court could properly require [the plaintiff] to seek discovery from its party opponent before

3    burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

4    (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

5    of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

6    party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in*

7    *possession of the party defendant*").

8        Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

9    efforts—that "the information sought is ***relevant*** and ***material*** to the allegations and claims at issue in the

10   proceeding." *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

11   Cal. Mar. 31, 2014).

12       Twitter objects to this Request as, on its face, potentially seeking privileged information. "Rule

13   45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

14   compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

15   or other protected matter . . . .'" *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

16   3231300, at *5 (N.D. Cal. June 13, 2016).

17       Twitter objects to this Request because it seeks "trade secret or other confidential research,

18   development, or commercial information." Fed. R. Civ. P. 45(c)(3)(B) (emphasis added); *see also Moon*

19   *v. SCP Pool Corp.*, 232 F.R.D. at 638.

20       Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

21   or control.

22       Twitter objects to the terms "concerning or relating" as vague and ambiguous, particularly if each

23   is intended to carry different meaning.

24       For these reasons, Twitter will not produce documents responsive to this Request at this time,

25   without conceding that any such documents exist in the first place.

26   **REQUEST FOR PRODUCTION NO. 24:**

27       WITHDRAWN

28

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

2          No response required.

3    **REQUEST FOR PRODUCTION NO. 25:**

4          WITHDRAWN

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

6          No response required.

7    **REQUEST FOR PRODUCTION NO. 26:**

8          WITHDRAWN

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

10         No response required.

11   **REQUEST FOR PRODUCTION NO. 27:**

12         Emails or other communications among GSV (including Moe, Hanson, and Luben Pampoulov),

13   Twitter, and Wilson Sonsini concerning the Twitter Offering.

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

15         Twitter objects that this Request, standing alone and together with the numerous other requests, is

16   overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

17   parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

18   *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

19   "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

20   reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

21   *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

22   broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

23   the case").

24         Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

25   party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

26   2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

27   nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

28   undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

1   motions because they did not take advantage of the discovery they obtained from other sources in

2   tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

3   an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

4   requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

5   obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

6   *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

7   district court could properly require [the plaintiff] to seek discovery from its party opponent before

8   burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

9   (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

10  of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

11  party" explaining "***[t]here is simply no reason to burden nonparties when the documents sought are in***

12  ***possession of the party defendant***").

13          Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

14  efforts—that "the information sought is ***relevant*** and ***material*** to the allegations and claims at issue in the

15  proceeding."  *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

16  Cal. Mar. 31, 2014).

17          Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule

18  45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

19  compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

20  or other protected matter . . . .'"  *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

21  3231300, at *5 (N.D. Cal. June 13, 2016).

22          Twitter objects to the term "Twitter Offering" as assuming and calling for facts outside Twitter's

23  knowledge, custody, or control.

24          For these reasons, Twitter will not produce documents responsive to this Request at this time,

25  without conceding that any such documents exist in the first place.

26  **REQUEST FOR PRODUCTION NO. 28:**

27          Emails or other communications at any point between September 20, 2012 and October 15, 2012

28  among GSV (including Moe, Hanson, and Luben Pampoulov), Twitter, and Wilson Sonsini concerning

1  or relating to Plaintiffs' awareness that other Persons including 1Oak were marketing investments in

2  Twitter stock at or about the same time as the Twitter Offering.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

4       Twitter objects that this Request, standing alone and together with the numerous other requests, is

5  overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

6  parties in interest have not yet produced documents. *See In re NCAA Student-Athlete Name & Likeness*

7  *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

8  "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

9  reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

10  *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

11  broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

12  the case").

13       Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

14  party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

15  2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

16  nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

17  undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

18  motions because they did not take advantage of the discovery they obtained from other sources in

19  tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

20  an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

21  requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

22  obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

23  *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

24  district court could properly require [the plaintiff] to seek discovery from its party opponent before

25  burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

26  (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

27  of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

28

1  party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in*

2  *possession of the party defendant*").

3          Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

4  efforts—that "the information sought is *relevant* and *material* to the allegations and claims at issue in the

5  proceeding."  *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

6  Cal. Mar. 31, 2014).

7          Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule

8  45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

9  compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

10 or other protected matter . . . .'"  *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

11 3231300, at *5 (N.D. Cal. June 13, 2016).

12         Twitter objects to this Request because it seeks "trade secret or other confidential research,

13 development, or commercial information."  Fed. R. Civ. P. 45(c)(3)(B) (emphasis added); *see also Moon*

14 *v. SCP Pool Corp.*, 232 F.R.D. at 638.

15         Twitter objects to the term "Twitter Offering" as assuming and calling for facts outside Twitter's

16 knowledge, custody, or control.  Twitter objects that the Request as phrased is confusing, ambiguous, and

17 vague.

18         For these reasons, Twitter will not produce documents responsive to this Request at this time,

19 without conceding that any such documents exist in the first place.

20 **REQUEST FOR PRODUCTION NO. 29:**

21         Emails or other communications among GSV (including Moe, Hanson, and Luben Pampoulov),

22 Twitter, and Wilson Sonsini concerning or relating to 1Oak and/or 1Oak's marketing of investments in

23 Twitter stock.

24 **RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

25         Twitter objects that this Request, standing alone and together with the numerous other requests, is

26 overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

27 parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

28 *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

1  "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

2  reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

3  *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

4  broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

5  the case").

6         Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

7  party in suit. *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

8  2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

9  nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

10 undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

11 motions because they did not take advantage of the discovery they obtained from other sources in

12 tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

13 an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

14 requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

15 obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

16 *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

17 district court could properly require [the plaintiff] to seek discovery from its party opponent before

18 burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

19 (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

20 of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

21 party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in*

22 *possession of the party defendant*").

23        Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

24 efforts—that "the information sought is *relevant* and *material* to the allegations and claims at issue in the

25 proceeding." *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

26 Cal. Mar. 31, 2014).

27        Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule

28 45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

1   compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

2   or other protected matter . . . .'"  *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

3   3231300, at *5 (N.D. Cal. June 13, 2016).

4         Twitter objects to this Request because it seeks "trade secret or other confidential research,

5   development, or commercial information."  Fed. R. Civ. P. 45(c)(3)(B) (emphasis added); *see also Moon*

6   *v. SCP Pool Corp.*, 232 F.R.D. at 638.

7         Twitter objects to the terms "concerning or relating" particularly if each is intended to carry

8   different meaning.

9         For these reasons, Twitter will not produce documents responsive to this Request at this time,

10  without conceding that any such documents exist in the first place.

11  **REQUEST FOR PRODUCTION NO. 30:**

12        WITHDRAWN

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

14        No response required.

15  **REQUEST FOR PRODUCTION NO. 31:**

16        WITHDRAWN

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

18        No response required.

19  **REQUEST FOR PRODUCTION NO. 32:**

20        WITHDRAWN

21  **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

22        No response required.

23  **REQUEST FOR PRODUCTION NO. 33:**

24        Documents reflecting, concerning, or relating to any right of first refusal that GSV had related to

25  the Twitter Offering (as alleged in paragraph 84 of the Complaint).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

27        Twitter objects that this Request, standing alone and together with the numerous other requests, is

28  overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

35

1  parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

2  *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

3  "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

4  reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

5  *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

6  broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

7  the case").

8       Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

9  party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

10  2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

11  nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

12  undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

13  motions because they did not take advantage of the discovery they obtained from other sources in

14  tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

15  an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

16  requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

17  obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

18  *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

19  district court could properly require [the plaintiff] to seek discovery from its party opponent before

20  burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

21  (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

22  of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

23  party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in*

24  *possession of the party defendant*").

25       Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

26  efforts—that "the information sought is *relevant* and *material* to the allegations and claims at issue in the

27  proceeding."  *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

28  Cal. Mar. 31, 2014).

1    Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule

2    45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

3    compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

4    or other protected matter . . . .'"  *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

5    3231300, at *5 (N.D. Cal. June 13, 2016).

6    Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

7    or control.

8    Twitter objects to the term "Twitter Offering" as assuming and calling for facts outside Twitter's

9    knowledge, custody, or control.  Twitter objects to the terms "reflecting, concerning, or relating" as

10   vague and ambiguous, particularly if each is intended to carry different meaning.

11   For these reasons, Twitter will not produce documents responsive to this Request at this time,

12   without conceding that any such documents exist in the first place.

13   **REQUEST FOR PRODUCTION NO. 34:**

14   Documents supporting, corroborating, reflecting, concerning, or relating to the statement Hanson

15   made in a September 10, 2012 email to Mark Porcelli that "GSV is one of the few approved buyers of

16   Twitter, being approved directly by Twitter's Board of Directors" (as alleged in paragraph 85 of the

17   Complaint).

18   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

19   Twitter objects that this Request, standing alone and together with the numerous other requests, is

20   overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

21   parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

22   *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

23   "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

24   reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

25   *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

26   broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

27   the case").

28

1      Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

2 party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

3 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

4 nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

5 undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

6 motions because they did not take advantage of the discovery they obtained from other sources in

7 tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

8 an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

9 requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

10 obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman

11 Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

12 district court could properly require [the plaintiff] to seek discovery from its party opponent before

13 burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

14 (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

15 of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

16 party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in

17 possession of the party defendant*").

18      Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

19 efforts—that "the information sought is *relevant* and *material* to the allegations and claims at issue in the

20 proceeding."  *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

21 Cal. Mar. 31, 2014).

22      Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule

23 45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

24 compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

25 or other protected matter . . . .'"  *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

26 3231300, at *5 (N.D. Cal. June 13, 2016).

27      Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

28 or control.

1    Twitter objects to the terms "supporting, corroborating, reflecting, concerning, or relating" as

2    vague and ambiguous, particularly if each is intended to carry different meaning.

3    For these reasons, Twitter will not produce documents responsive to this Request at this time,

4    without conceding that any such documents exist in the first place.

5    **REQUEST FOR PRODUCTION NO. 35:**

6    Documents supporting, corroborating, reflecting, concerning, or relating to the statement Hanson

7    made in a September 10, 2012 email to Mark Porcelli that "Twitter also gave GSV special permission to

8    form this fund" (as alleged in paragraph 85 of the Complaint).

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

10    Twitter objects that this Request, standing alone and together with the numerous other requests, is

11    overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

12    parties in interest have not yet produced documents. *See In re NCAA Student-Athlete Name & Likeness*

13    *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

14    "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

15    reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

16    *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

17    broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

18    the case").

19    Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

20    party in suit. *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

21    2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

22    nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

23    undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

24    motions because they did not take advantage of the discovery they obtained from other sources in

25    tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

26    an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

27    requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

28    obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

1   *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

2   district court could properly require [the plaintiff] to seek discovery from its party opponent before

3   burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

4   (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

5   of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

6   party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in*

7   *possession of the party defendant*").

8        Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

9   efforts—that "the information sought is ***relevant*** and ***material*** to the allegations and claims at issue in the

10  proceeding." *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

11  Cal. Mar. 31, 2014).

12       Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule

13  45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

14  compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

15  or other protected matter . . . .'" *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

16  3231300, at *5 (N.D. Cal. June 13, 2016).

17       Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

18  or control.

19       Twitter objects to the terms "supporting, corroborating, reflecting, concerning, or relating" as

20  vague and ambiguous, particularly if each is intended to carry different meaning.

21       For these reasons, Twitter will not produce documents responsive to this Request at this time,

22  without conceding that any such documents exist in the first place.

23  **REQUEST FOR PRODUCTION NO. 36:**

24       Email and other communications between or among any Twitter employees, directors, officers, or

25  any other agents concerning or relating to 1Oak or 1Oak's involvement with an offering of Twitter stock

26  in 2012.

27

28

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

2          Twitter objects that this Request, standing alone and together with the numerous other requests, is

3   overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

4   parties in interest have not yet produced documents. *See In re NCAA Student-Athlete Name & Likeness*

5   *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

6   "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

7   reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

8   *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

9   broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

10  the case").

11         Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

12  efforts—that "the information sought is ***relevant*** and ***material*** to the allegations and claims at issue in the

13  proceeding." *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

14  Cal. Mar. 31, 2014).

15         Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule

16  45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

17  compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

18  or other protected matter . . . .'" *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

19  3231300, at *5 (N.D. Cal. June 13, 2016).

20         Twitter objects to this Request because it seeks "trade secret or other confidential research,

21  development, or commercial information."  Fed. R. Civ. P. 45(c)(3)(B) (emphasis added); *see also Moon*

22  *v. SCP Pool Corp.*, 232 F.R.D. at 638.

23         Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

24  or control.

25         For these reasons, Twitter will not produce documents responsive to this Request at this time,

26  without conceding that any such documents exist in the first place at this time, without conceding that

27  any such documents exist in the first place at this time, and without conceding that any such documents

28  exist in the first place.

1  **REQUEST FOR PRODUCTION NO. 37:**

2      Email and other communications between GSV (including Hanson and Moe) and Twitter

3  concerning or relating to 1Oak or 1Oak's involvement with an offering of Twitter stock in 2012.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

5      Twitter objects that this Request, standing alone and together with the numerous other requests, is

6  overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

7  parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

8  *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

9  "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

10 reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

11 *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

12 broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

13 the case").

14     Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

15 party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

16 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

17 nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

18 undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

19 motions because they did not take advantage of the discovery they obtained from other sources in

20 tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

21 an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

22 requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

23 obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

24 *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

25 district court could properly require [the plaintiff] to seek discovery from its party opponent before

26 burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

27 (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

28 of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

1  party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in*

2  *possession of the party defendant*").

3         Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

4  efforts—that "the information sought is *relevant* and *material* to the allegations and claims at issue in the

5  proceeding." *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

6  Cal. Mar. 31, 2014).

7         Twitter objects to this Request because it seeks "trade secret or other confidential research,

8  development, or commercial information." Fed. R. Civ. P. 45(c)(3)(B) (emphasis added); *see also Moon*

9  *v. SCP Pool Corp.*, 232 F.R.D. at 638.

10         Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

11  or control.

12         For these reasons, Twitter will not produce documents responsive to this Request at this time,

13  without conceding that any such documents exist in the first place.

14  **REQUEST FOR PRODUCTION NO. 38:**

15         Documents reflecting, concerning, or relating to any Person that Twitter engaged, authorized, or

16  instructed to conduct an offering of Twitter stock at any point in 2012.  (This request is for any such

17  offering and is **not** limited to the Twitter Offering.)

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

19         Twitter objects that this Request, standing alone and together with the numerous other requests, is

20  overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

21  parties in interest have not yet produced documents. *See In re NCAA Student-Athlete Name & Likeness*

22  *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

23  "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

24  reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

25  *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

26  broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

27  the case").

28

1    Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

2    party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

3    2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

4    nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

5    undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

6    motions because they did not take advantage of the discovery they obtained from other sources in

7    tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

8    an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

9    requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

10   obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

11   *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

12   district court could properly require [the plaintiff] to seek discovery from its party opponent before

13   burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

14   (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

15   of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

16   party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in*

17   *possession of the party defendant*").

18        Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

19   efforts—that "the information sought is *relevant* and *material* to the allegations and claims at issue in the

20   proceeding."  *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

21   Cal. Mar. 31, 2014).

22        Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule

23   45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

24   compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

25   or other protected matter . . . .'"  *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

26   3231300, at *5 (N.D. Cal. June 13, 2016).

27

28

1   Twitter objects to this Request because it seeks "trade secret or other confidential research,

2   development, or commercial information."  Fed. R. Civ. P. 45(c)(3)(B) (emphasis added); *see also Moon*

3   *v. SCP Pool Corp.*, 232 F.R.D. at 638.

4   Twitter objects to the terms "reflecting, concerning, or relating" as vague and ambiguous,

5   particularly if each is intended to carry different meaning.  Twitter objects to the terms "engaged,

6   authorized, or instructed," particularly if each is intended to carry different meaning.

7   For these reasons, Twitter will not produce documents responsive to this Request at this time,

8   without conceding that any such documents exist in the first place.

9   **REQUEST FOR PRODUCTION NO. 39:**

10   Documents concerning or relating to any conference call on or about October 2, 2012 led by Nils

11   Erdmann of Twitter (or otherwise attended by Nils Erdmann).

12   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

13   Twitter objects that this Request, standing alone and together with the numerous other requests, is

14   overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

15   parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

16   *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

17   "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

18   reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

19   *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

20   broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

21   the case").

22   Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

23   party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

24   2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

25   nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

26   undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

27   motions because they did not take advantage of the discovery they obtained from other sources in

28   tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

45

1    an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

2    requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

3    obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

4    *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

5    district court could properly require [the plaintiff] to seek discovery from its party opponent before

6    burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

7    (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

8    of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

9    party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in*

10   *possession of the party defendant*").

11          Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

12   efforts—that "the information sought is *relevant* and *material* to the allegations and claims at issue in the

13   proceeding." *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

14   Cal. Mar. 31, 2014).

15          Twitter objects to this Request as, on its face, potentially seeking privileged information. "Rule

16   45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

17   compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

18   or other protected matter . . . .'" *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

19   3231300, at *5 (N.D. Cal. June 13, 2016).

20          Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

21   or control.

22          Twitter objects to the terms "concerning or relating" as vague and ambiguous, particularly if each

23   is intended to carry different meaning.

24          For these reasons, Twitter will not produce documents responsive to this Request at this time,

25   without conceding that any such documents exist in the first place.

26

27

28

1  **REQUEST FOR PRODUCTION NO. 40:**

2      Emails and other communications between or among any Twitter employees, directors, officers,

3  or any other agents related in any way to the cancelation, suspension, termination, or withdrawal of the

4  Twitter Offering.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

6      Twitter objects that this Request, standing alone and together with the numerous other requests, is

7  overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

8  parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

9  *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

10 "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

11 reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

12 *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

13 broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

14 the case").

15     Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

16 efforts—that "the information sought is ***relevant*** and ***material*** to the allegations and claims at issue in the

17 proceeding."  *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

18 Cal. Mar. 31, 2014).

19     Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule

20 45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

21 compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

22 or other protected matter . . . .'"  *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

23 3231300, at *5 (N.D. Cal. June 13, 2016).

24     Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

25 or control.

26     Twitter objects to the term "Twitter Offering" as assuming and calling for facts outside Twitter's

27 knowledge, custody, or control.

28

1    For these reasons, Twitter will not produce documents responsive to this Request at this time,

2    without conceding that any such documents exist in the first place.

3    **REQUEST FOR PRODUCTION NO. 41:**

4    Documents reflecting, concerning, or relating to communications between Twitter (or anyone on

5    its behalf), on the one hand, and any of GSV, Moe, or Hanson, on the other hand, related in any way to

6    the cancelation, suspension, termination, or withdrawal of the Twitter Offering.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

8    Twitter objects that this Request, standing alone and together with the numerous other requests, is

9    overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

10   parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

11   *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

12   "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

13   reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

14   *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

15   broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

16   the case").

17   Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

18   party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

19   2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

20   nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

21   undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

22   motions because they did not take advantage of the discovery they obtained from other sources in

23   tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

24   an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

25   requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

26   obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

27   *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

28   district court could properly require [the plaintiff] to seek discovery from its party opponent before

48

1    burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

2    (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

3    of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

4    party" explaining "***[t]here is simply no reason to burden nonparties when the documents sought are in***

5    ***possession of the party defendant***").

6           Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

7    or control.

8           Twitter objects to the term "Twitter Offering" as assuming and calling for facts outside Twitter's

9    knowledge, custody, or control.  Twitter objects to the terms "reflecting, concerning, or relating" as

10   vague and ambiguous, particularly if each is intended to carry different meaning.

11          For these reasons, Twitter will not produce documents responsive to this Request at this time,

12   without conceding that any such documents exist in the first place.

13   **REQUEST FOR PRODUCTION NO. 42:**

14          Emails and other documents or communications (dated or created at any point in time) discussing

15   any cancelation, suspension, termination, or withdrawal of the Twitter Offering.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

17          Twitter objects that this Request, standing alone and together with the numerous other requests, is

18   overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

19   parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

20   *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

21   "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

22   reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

23   *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

24   broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

25   the case").

26          Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

27   party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

28   2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

49

1  nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

2  undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

3  motions because they did not take advantage of the discovery they obtained from other sources in

4  tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

5  an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

6  requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

7  obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

8  *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

9  district court could properly require [the plaintiff] to seek discovery from its party opponent before

10  burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

11  (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

12  of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

13  party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in*

14  *possession of the party defendant*").

15        Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

16  efforts—that "the information sought is *relevant* and *material* to the allegations and claims at issue in the

17  proceeding."  *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

18  Cal. Mar. 31, 2014).

19        Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule

20  45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

21  compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

22  or other protected matter . . . .'"  *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

23  3231300, at *5 (N.D. Cal. June 13, 2016).

24        Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

25  or control.

26        Twitter objects to the term "Twitter Offering" as assuming and calling for facts outside Twitter's

27  knowledge, custody, or control.

28

1  For these reasons, Twitter will not produce documents responsive to this Request at this time,

2  without conceding that any such documents exist in the first place.

3  **REQUEST FOR PRODUCTION NO. 43:**

4  Documents reflecting, concerning, or relating to the statement contained in paragraphs 135, 136,

5  and 138 of the Answer that "Twitter expressed very serious concerns to GSV Asset Management about

6  the way the offering had been handled by Precedo and Continental Advisors."

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

8  Twitter objects that this Request, standing alone and together with the numerous other requests, is

9  overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

10  parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

11  *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

12  "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

13  reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

14  *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

15  broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

16  the case").

17  Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

18  party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

19  2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

20  nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

21  undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

22  motions because they did not take advantage of the discovery they obtained from other sources in

23  tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

24  an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

25  requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

26  obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

27  *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

28  district court could properly require [the plaintiff] to seek discovery from its party opponent before

51

1  burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

2  (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

3  of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

4  party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in*

5  *possession of the party defendant*").

6        Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

7  efforts—that "the information sought is *relevant* and *material* to the allegations and claims at issue in the

8  proceeding."  *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

9  Cal. Mar. 31, 2014).

10        Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule

11  45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

12  compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

13  or other protected matter . . . .'"  *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

14  3231300, at *5 (N.D. Cal. June 13, 2016).

15        Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

16  or control.

17        Twitter objects to the terms "reflecting, concerning, or relating" as vague and ambiguous,

18  particularly if each is intended to carry different meaning.

19        For these reasons, Twitter will not produce documents responsive to this Request at this time,

20  without conceding that any such documents exist in the first place.

21  **REQUEST FOR PRODUCTION NO. 44:**

22        Documents supporting, corroborating, reflecting, concerning, or relating to the statements Hanson

23  made to Mark Porcelli and/or Tim Moran on October 5, 2012 that Twitter was canceling the Twitter

24  Offering because an unidentified Merrill Lynch broker had made certain statements to his institutional

25  clients on Wall Street concerning the private purchase of Twitter shares through him (as alleged in

26  paragraph 115 of the Complaint).

27

28

1   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

2       Twitter objects that this Request, standing alone and together with the numerous other requests, is

3   overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

4   parties in interest have not yet produced documents. *See In re NCAA Student-Athlete Name & Likeness*

5   *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

6   "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

7   reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

8   *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

9   broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

10   the case").

11       Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

12   party in suit. *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

13   2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

14   nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

15   undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

16   motions because they did not take advantage of the discovery they obtained from other sources in

17   tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

18   an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

19   requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

20   obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

21   *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

22   district court could properly require [the plaintiff] to seek discovery from its party opponent before

23   burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

24   (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

25   of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

26   party" explaining "*[t]here is simply no reason to burden nonparties when the documents sought are in*

27   *possession of the party defendant*").

28

1       Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

2  efforts—that "the information sought is ***relevant*** and ***material*** to the allegations and claims at issue in the

3  proceeding." *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

4  Cal. Mar. 31, 2014).

5       Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule

6  45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

7  compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

8  or other protected matter . . . .'" *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

9  3231300, at *5 (N.D. Cal. June 13, 2016).

10      Twitter objects to this Request because it seeks "trade secret or other confidential research,

11  development, or commercial information."  Fed. R. Civ. P. 45(c)(3)(B) (emphasis added); *see also Moon*

12  *v. SCP Pool Corp.*, 232 F.R.D. at 638.

13      Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

14  or control.

15      Twitter objects to the term "Twitter Offering" as assuming and calling for facts outside Twitter's

16  knowledge, custody, or control.  Twitter objects to the terms "supporting, corroborating, reflecting,

17  concerning, or relating" as vague and ambiguous, particularly if each is intended to carry different

18  meaning.

19      For these reasons, Twitter will not produce documents responsive to this Request at this time,

20  without conceding that any such documents exist in the first place.

21  **REQUEST FOR PRODUCTION NO. 45:**

22      Documents (including communications) reflecting or containing any statement by Twitter that

23  (a) GSV was not authorized to sell Twitter stock, (b) GSV was not authorized to participate in the Twitter

24  Offering, (c) @GSV Fund was not authorized to purchase Twitter stock, or (d) @GSV Fund was not

25  authorized to participate in the Twitter Offering (as alleged in paragraph 145 of the Complaint).

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

27      Twitter objects that this Request, standing alone and together with the numerous other requests, is

28  overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

1    parties in interest have not yet produced documents. *See In re NCAA Student-Athlete Name & Likeness*

2    *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

3    "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

4    reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

5    *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

6    broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

7    the case").

8            Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

9    party in suit. *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

10   2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from

11   nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an

12   undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their

13   motions because they did not take advantage of the discovery they obtained from other sources in

14   tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing

15   an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these

16   requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively

17   obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman*

18   *Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the

19   district court could properly require [the plaintiff] to seek discovery from its party opponent before

20   burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007)

21   (quashing subpoena seeking information that could be obtained from the party opponent "in the absence

22   of a convincing showing that the subpoena is likely to yield unique and material evidence from the third

23   party" explaining "***[t]here is simply no reason to burden nonparties when the documents sought are in***

24   ***possession of the party defendant***").

25           Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer

26   efforts—that "the information sought is ***relevant*** and ***material*** to the allegations and claims at issue in the

27   proceeding." *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D.

28   Cal. Mar. 31, 2014).

1    Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule

2  45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where

3  compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged

4  or other protected matter . . . .'"  *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL

5  3231300, at *5 (N.D. Cal. June 13, 2016).

6    Twitter objects to this Request as seeking information that is not in Twitter's possession, custody,

7  or control.

8    Twitter objects to the term "Twitter Offering" as assuming and calling for facts outside Twitter's

9  knowledge, custody, or control.  Twitter objects to the terms "reflecting or containing" as vague and

10  ambiguous, particularly if each is intended to carry different meaning.

11    For these reasons, Twitter will not produce documents responsive to this Request at this time,

12  without conceding that any such documents exist in the first place.

13  **REQUEST FOR PRODUCTION NO. 46:**

14    Documents reflecting any meeting (whether in person, by telephone, or video-conference)

15  between anyone from Twitter and anyone from GSV (including Moe or Hanson) that took place at any

16  point between September 1, 2011 and December 31, 2012.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

18    Twitter objects that this Request, standing alone and together with the numerous other requests, is

19  overbroad and not reasonably tailored to the needs of this case—especially but not only because the real

20  parties in interest have not yet produced documents.  *See In re NCAA Student-Athlete Name & Likeness*

21  *Licensing Litig.*, No. C 09-1967 CW, 2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) (rejecting

22  "substantially overbroad requests" and plaintiff's failure to "take reasonable steps to compromise or

23  reduce the breadth of their requests to prevent undue burden on the nonparties"); *see also Mattel, Inc. v.*

24  *Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (rejecting subpoena that was "way too

25  broad" and "[n]o attempt had been made to try to tailor the information request to the immediate needs of

26  the case").

27    Twitter objects on the basis that Plaintiffs can obtain the requested information from an actual

28  party in suit.  *See In re NCCAA Student-Athlete Name & Likeness Licensing Litig.*, No. C 09-1967 CW,

56

NONPARTY TWITTER, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' SUBPOENA TO
PRODUCE DOCUMENTS / CASE NO. 4:14-CV-05609-YGR

2013 WL 1285588, at *3 (N.D. Cal. Mar. 28, 2013) ("As the party requesting documents from nonparties, antitrust plaintiffs at all times had the burden of tailoring their requests to avoid imposing an undue burden on the responding parties.  Antitrust plaintiffs failed to meet this burden prior to filing their motions because they did not take advantage of the discovery they obtained from other sources in tailoring their document requests."); *see id.* (imposing sanctions on the subpoenaing party for imposing an undue burden); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these requests all pertain to defendant, who is a party and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from nonparty KSA."); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of a motion to compel because "the district court could properly require [the plaintiff] to seek discovery from its party opponent before burdening the nonparty"); *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) (quashing subpoena seeking information that could be obtained from the party opponent "in the absence of a convincing showing that the subpoena is likely to yield unique and material evidence from the third party" explaining "***[t]here is simply no reason to burden nonparties when the documents sought are in possession of the party defendant***").

Twitter objects to this Request because Plaintiff has failed to show—even after meet and confer efforts—that "the information sought is ***relevant*** and ***material*** to the allegations and claims at issue in the proceeding."  *Nalco Co. v. Turner Designs, Inc.*, No. 13-CV-02727 NC, 2014 WL 1311571, at *2 (N.D. Cal. Mar. 31, 2014).

Twitter objects to this Request as, on its face, potentially seeking privileged information.  "Rule 45 of the Federal Rules of Civil Procedure provides in relevant part that 'the court for the district where compliance is required must quash or modify a subpoena that: . . . (iii) requires disclosure of privileged or other protected matter . . . .'"  *Lemberg Law LLC v. Hussin*, No. 16-MC-80066-JCS, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016).

Twitter objects to this Request as seeking information that is not in Twitter's possession, custody, or control.

Twitter objects to the term "reflecting" as vague and ambiguous.

1         For these reasons, Twitter will not produce documents responsive to this Request at this time,

2    without conceding that any such documents exist in the first place.

3

4    Dated:  June 20, 2016                                   DURIE TANGRI LLP

5

6                                                      By:  _____/s/ Sonali D. Maitra_____

7                                                           SONALI D. MAITRA

8                                                      Attorney for Nonparty
                                                       TWITTER, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PROOF OF SERVICE**

2        I am a citizen of the United States and resident of the State of California.  I am employed in San

3  Francisco County, State of California, in the office of a member of the bar of this Court, at whose

4  direction the service was made.  I am over the age of eighteen years, and not a party to the within action.

5  My business address is 217 Leidesdorff Street, San Francisco, CA  94111.

6        On June 20, 2016, I served the following documents in the manner described below:

7            **NONPARTY TWITTER, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFFS'
SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO
8  PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

9  ☒    (BY U.S. MAIL)  I am personally and readily familiar with the business practice of Durie
Tangri LLP for collection and processing of correspondence for mailing with the United
10       States Postal Service, and I caused such envelope(s) with postage thereon fully prepaid to
be placed in the United States Postal Service at San Francisco, California.

11

☐    (BY MESSENGER SERVICE) by consigning the document(s) to an authorized courier
12       and/or process server for hand delivery on this date.

13  ☐    (BY FACSIMILE)  I am personally and readily familiar with the business practice of
Durie Tangri LLP for collection and processing of document(s) to be transmitted by
14       facsimile and I caused such document(s) on this date to be transmitted by facsimile to the
offices of addressee(s) at the numbers listed below.

15

☐    (BY OVERNIGHT MAIL)  I am personally and readily familiar with the business
16       practice of Durie Tangri LLP for collection and processing of correspondence for overnight
delivery, and I caused such document(s) described herein to be deposited for delivery to a
17       facility regularly maintained by Federal Express for overnight delivery.

18  ☒    BY ELECTRONIC SERVICE:  By electronically mailing a true and correct copy through
Durie Tangri's electronic mail system from jposada@durietangri.com to the email
19       addresses set forth below.

20  ☐    (BY PERSONAL DELIVERY) I caused such envelope to be delivered by hand to the
offices of each addressee below.

21

22

23

24

25

26

27

28

On the following part(ies) in this action:

      Brian H. Brick
      Bern Ripka LLP
      60 East 42nd Street, Suite 950
      New York, NY 10165
      Telephone: 212-702-5000
      Fax: 212-818-0164
      Email: bbrick@bernripka.com

      Attorneys for Plaintiffs
      Continental Advisors S.A. and Precedo
      Capital Group LLC

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 20, 2016, at San Francisco, California.

                                         */s/ Jennifer Posada*
                                             Jennifer Posada